UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AKEEM DEONDREA BODDIE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:19-CV-070-WCL-SLC |
| KATHLEEN A. MORALES, et al., | |
| Defendants. | |

OPINION AND ORDER

Akeem Deondrea Boddie, a prisoner without a lawyer, filed an amended complaint pursuant to 42 U.S.C. § 1983 regarding events that occurred before he was confined. ECF 34. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). In addition, the Federal Rules of Civil Procedure provide that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). When the plaintiff references and relies on it, "the contents of that document become part of the complaint and may be considered as such when the court [determines] the sufficiency of the complaint." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citations omitted).

Here, Boddie alleges he was detained on May 1, 2017, in Fort Wayne, Indiana pursuant to an investigatory stop. After being identified to police by a store manager as the person who stole two cases of beer from a Walgreens, he was transported to the Fort Wayne Police Department Detective Bureau at the request of (now retired) Detective Kathleen A. Morales. There, he was placed under arrest for burglary, battery, stealing a vehicle, and theft. Detective Morales asked if he would like to make a statement. After he refused, she exited the interview room and left Boddie handcuffed to the table for "hours."[1] ECF 34 at 3. He was asleep on the table when Detective Morales returned with Officer Ricky Allen Brumett. He was then "swabbed, photographed, and stripped butt naked of all articles of clothing." *Id*. His clothing along with his wedding band was

---

[1] However, Boddie also indicates that the entire encounter with the defendants took place on May 1, 2017, from 9:55 AM to 1:58 PM. ECF 34 at 1.

2

seized and has not been returned. Boddie alleges all of this occurred "without probable cause for burglary, battery, stolen vehicle and theft nor a search or arrest warrant." *Id*. He has sued Detective Morales, Officer Brumett, and the Fort Wayne Police Department under the Constitution as well as state law. He seeks monetary damages for the "deprivation of my property and pain and suffering." *Id*. at 4.

To start, Boddie has named the Fort Wayne Police Department as a defendant. However, the police department is not a person or a policy-making unit of government that can be sued for constitutional violations pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). Therefore, Boddie cannot proceed against the Fort Wayne Police Department.

As to the individual officers, Boddie begins by alleging he was falsely arrested by Detective Morales. In order to prevail on a false arrest or false imprisonment claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to

warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Young*, 987 F.3d at 644 (Probable cause is a "common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.") (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)).

Here, Boddie has presented facts showing there was probable cause to arrest him. He alleges an assistant store manager positively identified him to the police as the individual who "took two cases of beer out of the store without paying." ECF 34 at 2. This is enough to permit a reasonable person to believe a crime had been committed. *See McBride*, 576 F.3d at 707. Specifically, criminal conversion is committed when an individual "knowingly or intentionally exerts unauthorized control over property of another person." Ind. Code § 35-43-4-3.[2] Although Boddie argues no probable cause existed for an arrest on burglary, battery, stolen vehicle or theft charges, a Fourth Amendment claim cannot succeed if there was probable cause to arrest him for *any* offense. *See Williams v. Rodriguez*, 509 F.3d 392, 399 (7th Cir. 2007) (noting the Supreme Court has "rejected the rule that the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of the arrest") (quoting *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)); *see also United States v. Williams*, 495 F.3d 810, 817–18 (7th Cir. 2007) (once officers

---

[2] In his complaint, Boddie states that he was detained "pursuant to an investigatory stop in the matter of a misdemeanor (A) Criminal Conversion 35-43-4-3(a)." ECF 34 at 2.

4

established probable cause arrest a defendant, "it is irrelevant that their investigation eventually found evidence of other crimes, that he was originally charged with those other crimes, or that the [sic] those crimes were charged based on an investigation that dragged out longer than was warranted by their original suspicion"). Thus, he has not stated a claim for false arrest against Detective Morales.

Boddie also alleges the search and seizure that occurred in the interview room after Detective Morales placed him under arrest was unconstitutional. "[A] search of an arrestee's person [is] *per se* reasonable under the Fourth Amendment." *United States v. Gary*, 790 F.3d 704, 709 (7th Cir. 2015) (citing *United States v. Robinson*, 414 U.S. 218, 235 (1973)). "This rule extends to personal effects found on the arrestee's person at the time of the arrest." *Id*. Clothes taken from an individual while in custody and the seizure of any incriminating evidence found in them are "plainly searchable" pursuant to an arrest. *Id*.; *see also United States v. Jackson*, 377 F.3d 715, 716 (7th Cir. 2004) ("[I]t is reasonable for the police to search the body, clothing, and immediate possessions of anyone in custody following an arrest on probable cause[,] . . . with or without any reason to suspect that the person is armed or carrying contraband."). Similarly, when an arrest is supported by probable cause, "taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment." *United States v. Schreiber*, 866 F.3d 776, 780 (7th Cir. 2017) (quoting *Maryland v. King*, 569 U.S. 435, 465–66 (2013)).[3]

---

[3] In *Schreiber*, police collected a DNA swab after a suspect was arrested for robbery of a liquor store. *Schreiber*, 866 F.3d at 778–79. That DNA swab was then matched to a bank robbery that had

5

Boddie argues he should not have been searched because there was not probable cause to arrest him for burglary, battery, stolen vehicle or theft. However, as noted above, because there was probable cause to arrest him for criminal conversion, the items on his person were plainly searchable upon his arrest, *see Gary*, 790 F.3d at 709; *Jackson*, 377 F.3d at 716, and the DNA swab was within constitutional bounds, *see Schreiber*, 866 F.3d at 780.

Moreover, Boddie has attached a search warrant, signed by an Allen Superior Court Judge on May 1, 2017, to the complaint.[4] ECF 34-1 at 3. The warrant directs the Fort Wayne Police Department to search Boddie's person for "human blood, human hair, human cells, and/or human saliva" and to collect all clothing that was worn by him. *Id*. "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011). Boddie does not plausibly allege any material facts were misstated or omitted to obtain the warrant. He references a "pretend" search affidavit and wonders, "Who is the affiant?" (ECF 34 at 3), but these vague allegations are insufficient to render the search by Detective Morales and/or Officer Brumett unconstitutional considering the

---

occurred six months earlier, and the suspect was charged with bank robbery in federal court. *Id*. The defendant moved to suppress the DNA swab in the bank robbery case, but the court concluded it was constitutional because the liquor store robbery arrest had been supported by probable cause. *Id*. at 778-81.

[4] *See Williamson*, 714 F.3d at 436.

6

existence of the facially valid warrant itself.[5] *See e.g. Williamson*, 714 F.3d at 443–44 (to rebut the general rule that a claim for unreasonable search cannot proceed if a facially valid warrant exists, the plaintiff would have to show both that there was not probable cause to believe a crime had been committed and that the officers knew it); *see also Bissessur*, 581 F.3d at 602 (to survive dismissal, a complaint must state a claim for relief that is plausible on its face). Thus, Boddie has not stated a claim for unlawful search against either Detective Morales or Officer Brumett.

Boddie also alleges the conditions he was held in after he was arrested—while he was being interviewed—were unconstitutional. He states that the events in question happened "before [he] was confined" and that he was "never charged with the crimes on the search affidavit." ECF 34 at 4. Arrestees are protected by the Fourth Amendment before the probable cause hearing mandated by *Gerstein v. Pugh*, 420 U.S. 103 (1975); after a finding of probable cause, pretrial detainees are protected by the Fourteenth Amendment. *Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020) (citing *Currie v. Chhabra*, 728 F.3d 626, 629–30 (7th Cir. 2013)). The standards are effectively the same—namely, an objective unreasonableness inquiry. *Id.* at 550 (citing *Estate of Perry v. Wenzel*, 872 F.3d 439, 453 (7th Cir. 2017) and *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)). In order to sustain a claim under either standard, a plaintiff must demonstrate the

---

[5] Boddie attaches an affidavit for probable cause to the complaint. *See* ECF 34-1 at 30; *see also Williamson*, 714 F.3d at 436. The affiant is listed as Kyra R. Woods, an officer of the Fort Wayne Police Department. It describes the incident regarding the beer conversion that occurred at the Walgreens on May 1, 2017.

defendants' actions were "objectively unreasonable" and that those actions caused his injuries. *Id*. (citing *Miranda*, 900 F.3d at 347, 352 (Fourteenth Amendment) and *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011) (Fourth Amendment)). "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Id*. (citing *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (Fourteenth Amendment) and *Florek v. Vill. of Mundelein*, 649 F.3d 594, 600 (7th Cir. 2011) (Fourth Amendment)). Of note, a showing of negligence or even gross negligence by the defendants will not suffice; rather, a plaintiff must show the defendants "acted purposefully, knowingly, or perhaps even recklessly." *Miranda*, 900 F.3d at 353.

Here, Boddie alleges Detective Morales left him handcuffed to the table in the interview room "for hours," without access to water or a restroom, after she initially interviewed him. However, he also alleges the entire incident—from investigatory stop through search—took place between 9:55 AM and 1:58 PM (*see* ECF 34 at 1), so it is not plausible to infer he was left this way for an inordinate amount of time. *See Edwards*, 478 F.3d at 830 (a plaintiff can plead himself out of court if he pleads facts that preclude relief). Moreover, Boddie does not allege he asked for but was specifically denied water or a bathroom break—he simply alleges he was left in a room without access to those things. Based on these sparse facts, Boddie has not described any actions by Detective Morales that were objectively unreasonable, so he has not stated a claim against her that is plausible on its face. *See Bissessur*, 581 F.3d at 602 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

8

In addition to his federal claims, Boddie attempts to assert various state law claims. With regard to his negligence claim, Boddie cannot proceed on a State law claim for negligence because, if the defendants' actions were merely negligent, they would have been acting within the scope of their employment. "Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014).

As for intentional infliction of emotional distress as an independent tort under Indiana law, this requires that the defendant: "(1) engage[] in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another." *Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011). The requirements to prove this tort are "rigorous," and it is found only when the conduct "exceeds all bounds typically tolerated by a decent society and causes mental distress of a very serious kind." *Id.* There are no plausible allegations in Boddie's complaint that the defendants engaged in any extreme or outrageous conduct that either intentionally or recklessly caused him severe emotional distress.

Finally, Boddie alleges he was detained in the Allen County Jail for eight days without charges of burglary, battery, stolen vehicle, or theft being filed against him, and he complains that he was not brought before a magistrate judge for an initial hearing on this matter between May 1–8, 2017. He believes this was a violation of his due process rights under the Indiana Constitution. "An individual detained following a warrantless arrest is entitled to a 'prompt' judicial determination of probable cause as a prerequisite

9

to any further restraint on his liberty." *Stafford v. State*, 890 N.E.2d 744, 749 n.9 (Ind. App. 2008) (citing *Griffith v. State*, 788 N.E.2d 835, 840 (Ind. 2003) and *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id*. (quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)). To prove a constitutional violation, the plaintiff must show the delay was "both *prejudicial* and unreasonable." *Id*. at 749 (emphasis in original, citation omitted).[6]

Boddie's complaint does not provide any information as to when—or if—he was ever brought before the magistrate, what the charges were at that time, and when—if ever—he was released from the jail. His sparse allegations do not allow the court to conclude he has stated a plausible claim. *See Bissessur*, 581 F.3d at 602. Moreover, according to publicly available electronic state court dockets,[7] a case for conversion was opened against Boddie on May 2, 2017, and it was dismissed that same day. *See State of Indiana v. Boddie*, cause no. 02D05-1705-CM-001940 (filed May 2, 2017).[8] However, on

---

[6] Of note, the 48-hour reference applies specifically to a probable cause determination, which may be made separately from an initial hearing. Indiana Code Section 35-33-7-1(a) provides that a person who "is arrested without a warrant for a crime shall be taken promptly before a judicial officer: . . . in the county in which the arrest is made; or . . . of any county believed to have venue over the offense committed; for an initial hearing in court." Thus, the only requirement for an initial hearing is that it be "prompt."

[7] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

[8] Available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ii11NW5FbnZtV nJTblgzSm1YaXVSa0pmTzhvWHczUnhUcVJYTTZERjJLQm8xIn19 (last visited April 13, 2021).

10

May 3, 2017, a case related to domestic violence charges against Boddie was opened. *See State of Indiana v. Boddie*, cause no. 02D04-1705-MC-001201 (filed May 3, 2017).[9] In that case, an initial hearing was conducted, probable cause was found, Boddie was ordered by the magistrate to be held for 72 hours until 9:00 AM on May 8, 2017, and he was released on his own recognizance on May 8, 2017. *Id*. Thus, even if Boddie did not appear before a magistrate for an initial hearing in his conversion case (a claim which the state court docket appears to contradict), it is not plausible to infer that he was prejudiced by this fact considering he was being held over during that time on another matter.[10]

---

[9] Available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImNRSUNubnUweDRZOW5jclFqNkltdVlsckpjOU9MZUNzbUc3Y0t2eGx5Y2sxIn19 (last visited April 13, 2021).

[10] Boddie alleges he was not charged with burglary, battery, stolen vehicle, or theft from May 1–8, 2017. Of note, however, Boddie was later charged with and convicted of multiple felonies related to the events that occurred on May 1, 2017. *See Boddie v. State*, 113 N.E.3d 817 (Ind. App. 2018) ("In the early morning hours of May 1, 2017, Deloise Kelly, a seventy-five-year-old woman, heard a crash in her house and, unable to get back to sleep, got up to go to the bathroom. When she walked into her kitchen she was punched in the mouth by an intruder she later identified as Boddie. . . . Kelly's car keys, television, laptop, and car were all missing after the break in. Four hours after the incident, Boddie was seen at a nearby Walgreens in Kelly's car. He stole two cases of beer from the store, returned to Kelly's car, and drove away. The Walgreens assistant manager was able to see the car and driver as it left the parking lot and took several pictures. . . . Shortly thereafter, Officer Scotty Lewis located Kelly's vehicle parked in an alley a few miles from the Walgreens. Officer Lewis observed two men walking out of a residence just north of where the vehicle was found. One of the men was carrying two cases of beer and matched the description of the person who had stolen beer from Walgreens. Officers took the men into custody. Another officer brought the Walgreens assistant manager to a location near the alley so that he could see the men officers had detained. The assistant manager identified Boddie as the person who had taken beer from the Walgreens without paying. The assistant manager also identified Boddie at trial. . . . Police gathered Boddie's clothing and took a swab of his DNA to run against other DNA samples recovered during the investigation. . . . On August 15, 2017, the State charged Boddie with burglary, a Level 1 felony; aggravated battery, a Level 3 felony; and auto theft, a Level 6 felony, for the acts committed against Kelly; and theft, a Level 6 felony, for the acts committed against Walgreens. A jury found Boddie guilty on all counts."). To the extent Boddie is attempting to recover damages for this conviction—or for harms that occurred because of actions that would render this conviction or sentence invalid—he may not do so unless the conviction has been reversed or expunged. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

11

For the reasons set forth above, this complaint does not state any plausible claims. Although it appears unlikely he will be able to state a valid claim based on these events, Boddie will be given an opportunity to file a second amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1022–25 (7th Cir. 2013). If he chooses to do so, it should be done on the court's approved **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. The second amended complaint must provide as much detail as possible about the events in question—explaining what happened, when it happened, where it happened, who was involved, how the events that transpired personally injured him, and the extent of his injuries. Of note, a second amended complaint should only be filed if Boddie believes the deficiencies set forth in this order can be rectified.

For these reasons, the court:

(1) GRANTS Akeem Deondrea Boddie until **May 14, 2021**, to file a second amended complaint as described above; and

(2) CAUTIONS Akeem Deondrea Boddie that if no response is received by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 14, 2021.

                                                s/William C. Lee
                                                JUDGE WILLIAM C. LEE
                                                UNITED STATES DISTRICT COURT