UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AKEEM DEONDREA BODDIE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN A. MORALES, et al.,<br><br>Defendants. | CAUSE NO. 1:19-CV-70-TLS-SLC |

**OPINION AND ORDER**

Akeem Deondrea Boddie, a prisoner without a lawyer, seeks leave to proceed in forma pauperis on appeal. ECF No. 72. Under the Prison Litigation Reform Act (PLRA), prisoners may proceed in forma pauperis if it is properly alleged that they cannot pay the fees in a lawsuit. *See* 28 U.S.C. § 1915. The PLRA requires a prisoner to "'submit[] an affidavit that includes a statement of all assets such prisoner possesses' and 'a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint.'" *Reyes v. Fishel*, 996 F.3d 420, 424 (7th Cir. 2021) (quoting 28 U.S.C. § 1915(a)). The case must be dismissed if, at any time, it is determined the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). "An allegation of poverty is 'untrue' if the prisoner's statements in an IFP form were 'deliberate misrepresentation[s]'—'dishonest or false rather than simply inaccurate.'" *Reyes*, 996 F.3d at 424 (quoting *Robertson v. French*, 949 F.3d 347, 349, 351 (7th Cir. 2020)).

Here, Boddie submitted several documents in connection with his motion to appeal in forma pauperis. In his affidavit—which was signed by Boddie and sworn under penalty of perjury—he indicated he received an average of $0.00 during the past twelve months from

employment, gifts, or any other sources and had a total monthly income of $0.00. ECF No. 72-1 at 2. He also claimed he had $0.00 on hand. *Id*. at 3. When asked whether he expected any major changes to his monthly income during the next twelve months, he indicated he did not. *Id*. at 5. Boddie also filled out an "Affidavit of Special Circumstances," in which he declared—under penalty of perjury—that "exceptional circumstances" prevented him from "prepaying the twenty (20%) partial filing fee." ECF No. 72-2. He pointed to a "[l]ack of funds, no employment, incarcirated (sic)." *Id*. However, a "Certified Counselors Statement of Inmate Trust Fund Account," submitted and signed by a caseworker at the Wabash Valley Correctional Facility on March 28, 2022, noted Boddie had current monthly receipts of $40.00 and average monthly deposits over the last six months of $101.67. *See* ECF No. 72 at 3. Based on those representations,[1] the initial partial filing fee for taking an appeal in forma pauperis would be $20.33. *See* 28 U.S.C. § 1915(b)(1).

It is clear a discrepancy exists between Boddie's sworn statements and that of the caseworker regarding Boddie's financial status. It is unclear, however, whether Boddie's representations were deliberately misleading or whether they were merely inaccurate. Before denying Boddie's motion on the basis that his allegation of poverty is untrue or recommending dismissal of the action, the Court would need to give Boddie a chance to offer explanations for why any errors in his affidavits were unintentional. *See Reyes*, 966 F.3d at 425. However, the Court need not do so because the motion can be denied for another reason.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Here, Judge William C. Lee, who previously presided over this case, screened Boddie's amended complaint and determined it did not state a

---

[1] No detailed inmate ledgers were provided.

claim. Apr. 14, 2021 Op. & Order 12, ECF No. 44. Boddie was allowed to replead, but, as explained in this Court's order of dismissal, his second amended complaint did not state a claim upon which relief could be granted either. Feb. 18, 2022 Op. & Order 19, ECF No. 66. Boddie's second amended complaint sued Detective Kathleen Morales of the Fort Wayne Police Department for "perjury,[2] false arrest, unreasonable search and seizure, violation of procedural due process and or due process, and infliction of emotional distress" under the Constitution as well as state law. ECF No. 49-1 at 2. He sought monetary damages and the return of his personal property.

After analyzing Boddie's detailed allegations along with the materials he attached to and referenced in the second amended complaint, the Court determined the existence of probable cause precluded his Fourth Amendment claims for unreasonable seizure, false arrest, and/or wrongful pretrial detention. *See* Feb. 18, 2022 Op. & Order 4–7. The Court also determined Boddie had not plausibly alleged the search and seizure that occurred in the interview room was unreasonable because he was there subject to an arrest for which there was probable cause. *Id*. at 7–8. Moreover, the Court noted that to the extent Boddie asserted he was *not* under arrest at the time of the search, the second amended complaint still failed to state a claim because he had attached a search warrant—signed by an Allen Superior Court Judge—and a related search warrant affidavit—signed by Detective Morales—to the second amended complaint. *Id*. at 7–10. Boddie did not plausibly allege any material facts were misstated or omitted by Detective Morales to obtain the warrant. *See id*. at 10 (quoting *Gatzimos v. Garrett*, 431 F. App'x 497, 500 (7th Cir. 2011) ("An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material

---

[2] Perjury is a criminal matter and is not actionable under 28 U.S.C. § 1983.

3

facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate.")); *see also id*. at 11 (finding that the formatting of the warrant and search warrant affidavit were substantially in the forms prescribed by state law). Overall, the Court found that "Boddie's allegations with regard to the search and seizure that occurred in the interview room [were] either directly contradicted by the documents he attache[d] to his second amended complaint or [were] otherwise insufficient to render the search by Detective Morales unconstitutional considering the existence of the facially valid warrant." *Id*. at 12.

As to his conditions of confinement claims, the Court determined Boddie had not described any actions by Detective Morales that were objectively unreasonable with regard to the conditions of his detention, so he did not state a claim against her that was plausible on its face. *See id*. at 12–13.

Furthermore, after analyzing his due process allegations—along with the documents he attached to and referenced in his second amended complaint—the Court found he had not stated any valid due process claims because: 1) it was not plausible to infer he was prejudiced by the fact that he did not appear before a magistrate for an initial hearing for his conversion case, especially considering he was being held over during that time on another matter; and 2) Indiana's tort claims act afforded an adequate post-deprivation remedy to redress the claims regarding the loss of his personal property. *See id*. at 14–17.

Finally, the Court found there were no plausible allegations in Boddie's second amended complaint to suggest Detective Morales engaged in any extreme or outrageous conduct that either intentionally or recklessly caused him severe emotional distress. *See id*. at 17.[3]

---

[3] Nothing in Boddie's notice of appeal or motion to proceed in forma pauperis—which simply states that the reason for his appeal is based on a "violation of procedural due process under the United States Constitution's Fourth (4th), Fifth (5th), and Fourteenth (14th) Amendments," ECF No. 72-1 at 1—changes the Court's analysis in its dismissal order.

Thus, for the reasons stated above and set forth more fully in the Court's February 18, 2022 Opinion and Order [ECF No. 66], no reasonable person could find that the second amended complaint stated any plausible claims, so the Court concludes this appeal is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Accordingly, the Motion for Leave to File and Proceed on Appeal In Forma Pauperis [ECF No. 72] is DENIED.

SO ORDERED on July 21, 2022.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT